IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01916-WYD-KMT

VERONICA I. DELOREY, and
DENNIS P. DELOREY,

    Plaintiffs,

v.

P & B TRANSPORTATION INC., and
DAVID HONDL,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Defendants' "Motion for Protective Order" ("Mtn." [Doc. No. 25, filed April 10, 2008]). "Plaintiffs' Response to Defendants' Motion for Protective Order" was filed May 2, 2008. ("Rsp." [Doc. No. 27]).

    Defendants seek a Protective Order regarding Plaintiffs' notice to take a Fed. R. Civ. P. 30(b)(6) deposition in Colorado and not at the corporate headquarters of defendant, P & B Transportation Inc. in North Dakota. The original motion also requested the court to require the plaintiffs to further elaborate on several issues concerning the scope of the corporate deponent's knowledge for the deposition. According to the plaintiffs' response, those issues have been resolved. (Rsp. at 4, Exh. 3) Since no reply was filed by the defendants, the court will infer this

statement is not refuted. Remaining for the court's decision, then, is where the Rule 30(b)(6) deposition should be taken.

Federal judges have authority to issue protective orders pertaining to discovery to prevent undue burden. *See* Fed. R. Civ. Proc. 26(c). Although the examining party generally designates the location for the deposition of another party under Fed. R. Civ. P. 30(b), a court may grant a protective order to appoint a different site under rule 26(c)(2). Rule 26(c)(2) enables a court to issue a protective order to guard a party from "undue burden or expense." *Id.* When making the determination of whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition." *Sheftelman v. Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987). Because the plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2112 (1994). As explained in *Metrex Research Corp. v. United States*, 151 F.R.D. 122 (D. Colo. 1993), "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Id.* at 125; *Zhou v. Pittsburg State University*, 252 F. Supp.2d 1194, 1202 (D. Kan. 2003) (same).

This case involves motor vehicle collision between Plaintiffs and a tractor and trailer rig driven by Defendant, David Hondl, who was employed by P & B Transportation Inc. (Rsp. at 1) Hondl had just completed delivery of goods in Denver and Colorado Springs, Colorado. *Id.*

2

Defendant P & B Transportation Inc. continues to do business in the state of Colorado and Defendant David Hondl was made available in Colorado for deposition. (Mot. at ¶ 12.) The plaintiffs have shown no special circumstances justifying holding the Rule 30(b)(6) deposition in Denver, Colorado as opposed to the location of the corporate headquarters in Bismark, North Dakota. Given the nature of the case, the corporate representative's deposition is not as fact intensive as the driver of the motor vehicle, and the driver has been made available in Colorado.

It is therefore ORDERED

Defendants' Motion for Protective Order [Doc. No. 25] is GRANTED in part. Plaintiffs are directed to schedule the Rule 30(b)(6) deposition of defendant P & B Transportation Inc. as noticed previously in Exhibit 3 to Plaintiffs' Response herein, in Bismark, North Dakota at a mutually agreeable date and location.

Dated this 11th day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge